# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID A. ABRAMS, No. 241224, a/k/a ABRAHAMS,<br><br>     Plaintiff,<br><br> v.<br><br>CORRECTIONS OFFICER WATERS AND CAPT. NUNEZ, sued in their individual capacities; CORRECTIONS OFFICER PHILLIPS; DISCIPLINARY REPORT INVESTIGATOR KELLY; CAPT. JOHN WATSON; WARDEN SCOTT ERFE; MAINTENANCE SUPERVISOR JOHN DOE; and MAILROOM HANDLER CORRECTIONS OFFICER RAMIREZ, sued in their individual and official capacity,<br><br>     Defendants. | Civil Action No.<br>3: 17 - CV - 1659 (CSH)<br><br><br><br><br>NOVEMBER 1, 2017 |

## ORDER TO SHOW CAUSE

**HAIGHT, Senior District Judge:**

 *Pro se* plaintiff David A. Abrams, currently incarcerated at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, has brought this civil rights action against various prison officials and employees of the prison where he was formerly housed, Cheshire Correctional Institution in Cheshire, Connecticut. He sues these defendants in their individual and/or official capacities, seeking damages under 42 U.S.C. § 1983 and recovery in tort.[1] The

---

[1] Specifically, Abrams alleges numerous constitutional violations, including "excessive use of force, failure to protect and hazardous conditions of confinement" in violation of the 8th Amendment; discrimination in violation of the 14th Amendment; deprivation of liberty in violation of the 5th Amendment; "intrusive strip search" in violation of the 4th and 8th Amendments; sexual

1

defendants include Corrections Officer Waters, Captain Nunez, Corrections Officer Phillips, Investigator Kelly, Captain Watson, Warden Erfe, Supervisor John Doe, and Corrections Officer Ramirez (herein collectively "Defendants").

On October 27, 2017, in light of two prior violent incidents with cellmates, Abrams moved for a preliminary injunction [Doc. 6], requesting that he be placed in a one-man cell to prevent any future attacks by a cellmate upon him.[2] In particular, Abrams claims that he suffers from "paranoia, trust issues, and lack of sleep" due to these prior attacks.[3] Doc. 6-1, at 5. Consequently, on Oct. 23, 2017, he consulted a "mental health doctor who stated that it's normal for [Abrams] to be on alert and paranoid due to the trauma [he] suffered." Doc. 6, ¶ 18. The doctor also allegedly diagnosed Abrams as a "3" on a scale of 1 to 5 in mental health and recommended that Abrams be given "single cell status." *Id.*, ¶ 19. Abrams argues that "[w]ith single-cell status, there's no worry of a cellmate attack and one can sleep comfortably and live stress-free." Doc. 6-1, at 3.

Abrams is presently housed in a two-man cell in Corrigan prison. He has neither specified

---

[2] According to Plaintiff, he was attacked on August 4, 2017, at 12:15 p.m., by his cellmate, "high security inmate" Kashawn Brown, as Abrams sat up in bed watching television. Doc. 6, ¶ 2. During that incident, while being subdued at his cell by Corrections Officer Phillips, Plaintiff's nose suffered a hairline fracture when Phillips allegedly slammed Abrams to the ground, causing him to strike his face against the floor. *Id.*, ¶ 6. Prior to that event, Abrams was allegedly attacked with an adapter by "high security" cellmate Kareem Hedge on April 11, 2011, at the MacDougall prison. *Id.*, ¶ 20. That assault resulted in Abrams getting stitches above his eyebrow. *Id.* These are the only two assaults Plaintiff reports having endured during his 17 years of incarceration. *Id.*, ¶ 22.

[3] Plaintiff alleges that he "experiences nightmares and sleeps less than 3 hours nightly due to the trauma he's suffered from Brown's attack." Doc. 6-1, at 2. *See also* Doc. 6, ¶ 17.

the identity nor the security-risk rating of his current cellmate.

To address and expedite resolution of the pending motion for injunctive relief, the Court will order Defendants to show cause why Plaintiff's prayed for preliminary injunction should not be issued. Specifically, Defendants will be required to file responsive papers to the motion, presenting their arguments regarding why this Court should deny Plaintiff's request for "single-cell status." In so doing, Defendants must address the requisite standard for a preliminary injunction in the Second Circuit. That standard provides: "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (citing *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011)), *cert. dismissed sub nom. Allergan PLC v. New York ex. rel. Schneiderman*, __ U.S.__ 136 S. Ct. 581 (2015). *See also Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (same).

Because the case is currently in its preliminary stages, no Defendant has yet been served or entered an appearance in this action. Under Rule 65, captioned "Injunctions and Restraining Orders," "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Accordingly, the Court ORDERS as follows:

1.    The Clerk shall: (1) verify the current work addresses for each Defendant in this action with the Connecticut Department of Correction Office of Legal Affairs; and (2) send by certified mail a copy of the Complaint [Doc. 1], Plaintiff's motion for preliminary injunction [Doc. 6 & 6-1], and this Order

to all Defendants on or before Thursday, **November 9, 2017.**

2.     Defendants are hereby ORDERED to SHOW CAUSE why Plaintiff's motion for preliminary injunctive relief should not be granted. In particular, they must each enter an appearance, or that of counsel, and file responsive papers to the motion [Doc. 6] on or before Monday, **November 27, 2017.**

3.     Plaintiff may, if he so chooses, reply to Defendants' responsive papers on or before Monday, **December 4, 2017.**

4.     Upon review of the parties' submissions, the Court will determine whether it will hold a hearing on the motion for preliminary injunction or will rule based on the evidence presented in the parties' filed papers.[4]

Finally, the parties are advised that pursuant to 28 U.S.C. § 1915A(b), the Court will soon enter an "Initial Review Order" ("IRO") of the Complaint as a separate order. At that time, the Court will publish the results of its mandatory screening review of this prisoner civil complaint, dismissing any portion that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Because, within the time frame of the dates addressed by this Order, the IRO may dismiss claims and/or the action in its entirety against certain Defendants, the Court clarifies that any Defendants dismissed from the action will, of course, no longer be required to show cause

---

[4] In general, a hearing is required on a properly supported motion for preliminary injunction. However, oral argument and testimony are not required if "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing." *Jarecke v. Hensley*, 552 F. Supp. 2d 261, 264 (D. Conn. 2008) (quoting 7 James W. Moore, *et al.*, *Moore's Federal Practice* ¶ 65.04[3] (2d ed.1995)). In that circumstance, a preliminary injunction may be granted or denied without hearing oral testimony. *Id.*

with respect to the motion for preliminary injunction.  In addition, upon entry of the IRO, the Court will set the case deadlines for any Defendants in the action to respond to the Complaint, the parties to  complete discovery, and the parties to submit dispositive motions.

The foregoing is So Ordered.

Signed: New Haven Connecticut
                November 1, 2017


                                        _/s/Charles S. Haight, Jr._____
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge