## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID A. ABRAMS, No. 241224, a/k/a ABRAHAMS,<br><br>     Plaintiff,<br> v.<br>CORRECTIONS OFFICER WATERS AND CAPT. NUNEZ, sued in their individual capacities; CORRECTIONS OFFICER PHILLIPS; DISCIPLINARY REPORT INVESTIGATOR KELLY; CAPT. JOHN WATSON; WARDEN SCOTT ERFE; MAINTENANCE SUPERVISOR JOHN DOE; and MAILROOM HANDLER CORRECTIONS OFFICER RAMIREZ, sued in their individual and official capacity,<br><br>     Defendants. | Civil Action No.<br>3: 17 - CV - 1659 (CSH)<br><br><br><br><br><br>**JANUARY 16, 2019** |

## ORDER RE DEFAULTED STATUS OF DEFENDANTS

**Haight, Senior District Judge:**

## I. INTRODUCTION

Pro *se* plaintiff, David A. Abrams, an inmate currently incarcerated at Garner Correctional Institution at Newtown, Connecticut, filed this civil rights action pursuant to 42 U.S.C. § 1983 against various prison officials employed at Cheshire Correctional Institution ("Cheshire C.I."), where he was previously housed. Upon entry of the Court's Initial Review Order ("IRO"), three federal Eighth Amendment claims remain pending in this case: (1) excessive force against Corrections Officer Phillips, (2) "failure to protect from harm" against Captain Nunez, and (3) unlawful subjection to hazardous conditions of confinement against Captain Watson. *Abrams v.*

*Waters*, No. 3:17-CV-1659 (CSH), 2018 WL 691717, at *17 (D. Conn. Feb. 2, 2018). The Court also permitted the state law claims of assault, battery, and intentional infliction of emotional distress to proceed against Phillips in his individual capacity for damages. *Id.*, at *14-15.

Subsequently, Plaintiff moved for leave to amend his Complaint. That motion was granted because a plaintiff may file an amended complaint once as a matter of course within 21 days after service of the complaint, Fed. R. Civ. P. 15(a). However, in performing its mandatory *sua sponte* review of the amended claims under 28 U.S.C. § 1915A, the Court determined that "the claims Plaintiff ha[d] attempted to reinstate and the newly added claim for First Amendment retaliation against Erfe and Watson fail[ed] to state claims upon which relief may be granted." *Abrams v. Waters*, No. 3:17-CV-1659 (CSH), 2018 WL 2926294, at *2 (D. Conn. June 8, 2018) (citing 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)). Therefore, Abrams's amended complaint was "allowed to proceed only with respect to claims upon which relief may be granted," *id.*, at *2, namely, those previously designated as viable by the Court in its original IRO, *id.*, at *9.

Upon the Court's acceptance of the Amended Complaint, the remaining defendants in the action, Phillips, Nunez, and Watson (herein collectively "Defendants") were required to answer or respond to that pleading by July 6, 2018. *Id.*, at *9. When the Defendants failed to file such a responsive pleading by that deadline, Plaintiff filed a Motion for Default Entry pursuant to Rule 55(a), Fed. R. Civ. P., and three weeks later a Motion for Default Judgment. Doc. 26, 27. The Court denied these motions without prejudice because it determined that the Amended Complaint was not actually filed on the case docket by the Clerk's Office until August 20, 2018, "so that the defendants in the action had no opportunity to respond to it by the Court's previously imposed deadline of July 6, 2018." Doc. 29. Accordingly, the Court "re-set [the] deadline for defendants to respond to the

Amended Complaint [to] September 17, 2018." *Id.*

Defendants failed to appear or answer by the Court's re-set deadline so that Plaintiff moved again for entry of default under Rule 55(a). Doc. 33. The Clerk entered an "Order" granting the motion and set the deadline for Plaintiff to move for default judgment to December 5, 2018.[1] Doc. 35. In response to that default Order, Defendants filed an "Answer" to the Amended Complaint. Doc. 36. However, Defendants failed to file a motion to open the default prior to filing that Answer. For the reasons described herein, the filing of an Answer is insufficient for the Court to open the default.

## II. DISCUSSION

### A. Standards for Entry and Opening of Default under Rule 55, Fed. R. Civ. P.

#### 1. *Entry of Default*

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Under Rule 55, there is a "two-step process" for the entry of judgment against a party who fails to appear or otherwise defend. First, the Plaintiff seeks and obtains entry of a default, and second, Plaintiff obtains entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Under Rule 55(a), the entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). As a first step to default, Rule 55(a)

---

[1] Plaintiff filed a second Motion for Default Judgment [Doc. 34], which remains pending due the circumstances of this case.

provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

Although Rule 55(a) makes entry of default a ministerial step to be performed by the clerk of court, *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir.1995), a district judge has the inherent power to enter default as well, *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n. 1 (2d Cir.1997). The entry of a default, while establishing liability, "is not an admission of damages." *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir.2009).

In the second step, entry of a default *judgment* "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Under Rule 55(b), the district judge enters default judgment unless "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," in which case the clerk – "on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

In making a determination on default judgment, the District court may "conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;

> (B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter."

Fed. R. Civ. P. 55(b)(2).

## 2. *Setting Aside a Default or Default Judgment*

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause" and "may set aside a final default judgment under Rule 60(b)," Fed. R. Civ. P 55(c). With respect to entry of default, which is at issue in this case, the defaulted party must move to have the case reopened and the default set aside.[2]

Although Rule 55(c) does not define "good cause," the Second Circuit has "advised district courts to consider three factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)). *See also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001) ("When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the

---

[2]  The Court notes that "[a] motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." *W. Sur. Co. v. Leo Const.*, LLC, No. 3:12-CV-1190 CSH, 2013 WL 144097, at *6 (D. Conn. Jan. 11, 2013) (citing *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996) ("[T]hat 'standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)")).  *See also State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) (Second Circuit "analyzed [defendants'] claims under Rule 55(c)'s more forgiving standard for setting aside an administrative default")(emphasis added); *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) (Under Rule 55(c), "a default may be vacated for 'good cause shown,' a less rigorous standard than applies under Rule 60(b).").

non-defaulting party may suffer should relief be granted."). *See also W. Sur. Co. v. Leo Const., LLC*, No. 3:12-CV-1190 CSH, 2013 WL 144097, at *5 (D. Conn. Jan. 11, 2013).

## B. Default in this Case

In the case at bar, despite filing an "Answer" [Doc. 36], Defendants have filed no motion to open the default. An answer is insufficient to establish good cause for a district judge to set aside entry of default. As this Court has previously stated, when a defaulted party filed a brief without filing a motion to open the default:

> In appropriate circumstances, "courts throughout this Circuit have ruled upon, or allowed to stand, pleadings and motions filed while the filing party was in default." *Success Village Apartments v. Amalgamated Local 376*, 34 F.R.D. 36, 38 (D. Conn. 2006) (collecting cases). However, acceptance of said brief(s) from the defaulting parties by the Court will in no way alter their defaulted status. To open the defaults, these parties must each file a motion to set aside the default for "good cause," Fed. R. Civ. P. 55(c), and receive a favorable ruling by the Court.

*E. Sav. Bank, FSB v. St. Germain*, No. 3:13-CV-1816 CSH, 2014 WL 3687740, at *5 (D. Conn. July 22, 2014).

Although the Court accepted Defendants' filing of an Answer, that acceptance does not alter Defendants' defaulted status. In order for this case to proceed, the default must, if appropriate, be set aside. Otherwise, Defendants are subject to possible entry of default judgment, which would comprise a final disposition of this case. Consequently, despite filing an Answer, the Defendants – Phillips, Nunez, and Watson – remain defaulted parties subject to default judgment. In the interest of expediting resolution of this case, the Court will thus order that these Defendants move, if so advised, to open entry of default upon a showing of good cause or thereafter remain subject to default judgment.

### III.  CONCLUSION

For the reasons discussed above, the Court hereby ORDERS Defendants Phillips, Watson, and Nunez to file a motion with the Court demonstrating "good cause" for opening the previously entered default [Doc. 35] on or before **February 8, 2019.**  Absent the Defendants' filing of such a motion by this deadline, the Court will rule on Plaintiff's pending motion for default judgment [Doc. 34] and grant it if the facts and law support such a decision.[3]

The foregoing is SO ORDERED.

Signed: New Haven, Connecticut
           January 16, 2019

                                     /s/Charles S. Haight, Jr.
                                     CHARLES S. HAIGHT, JR.
                                     Senior United States District Judge

---

[3] Ruling on a motion for default judgment is an action within the "sound judicial discretion" of the court, *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). Courts within this Circuit have applied the factors laid out in the treatise *Moore's Federal Practice* when making a ruling on a motion for default judgment.  As one court summarized:

> In determining whether to enter a default judgment, the court is free to consider a number of factors. Among these are: (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay involved; (5) whether the grounds for default are clearly established or are in doubt; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect a default judgment might have; and (8) whether the court thinks it later would be obligated to set aside the default on defendant's motion.

*Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281-82 (D. Conn. 2001) (citing 10 Moore's Federal Practice § 55.20 [2][b] (3d ed.1999) and *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir.1995)).